IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18 CV 160 WCM

| | | |
|---|---|---|
| TIJUANA MARIE HUNTER | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM |
| | ) | AND |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross motions for summary judgment. Docs. 9 & 13.[1]

## I. Procedural History

On October 15, 2015, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging she was disabled beginning on October 13, 2015. Transcript of Administrative Record ("AR"), pp. 239-242 & 243-252. Plaintiff's claims were denied upon initial review and upon reconsideration. AR pp. 105-106 & 145-136. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ") and a hearing

---

1 The parties have consented to the disposition of this case by a United States Magistrate Judge. Docs. 11 & 12.

1

was held in Hartford, Connecticut where Plaintiff appeared and testified.[2] AR pp. 61-86. Plaintiff was represented by counsel at the hearing.

On March 13, 2018, the ALJ issued an unfavorable decision. AR pp. 15-29. The Appeals Council denied Plaintiff's request for review of that decision on August 21, 2018. AR pp. 1-6.

On October 1, 2018, Plaintiff filed the instant action. Doc. 1. Accordingly, Plaintiff exhausted her administrative remedies before timely filing this action and the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a

---

[2] At the time of the January 31, 2018 hearing, Plaintiff lived in Waterbury, Connecticut. AR p. 67. In her October 1, 2018 Complaint, Plaintiff alleges that she resides in Hickory, North Carolina. Doc. 1, ¶ 1.

severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

## III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of "degenerative disc disease of the lumbar spine, fibromyalgia, obesity, depression and anxiety." AR p. 21. After finding that Plaintiff's impairments did not meet or medically equal the severity of certain listed impairments, the ALJ found that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps, stairs, ladders, ropes and scaffolds. The claimant can occasionally

3

balance, stoop, kneel, crouch and crawl. The claimant must avoid exposure to hazards such as unprotected heights and moving machinery. The claimant is able to understand, remember and carry out simple tasks for 2-hour segments over the course of a workday. The claimant can tolerate simple workplace changes.

AR p. 23.

Utilizing this RFC, the ALJ found that Plaintiff could perform other work, including the representative occupations of maid, cafeteria worker, and assembler such that Plaintiff was not disabled from October 13, 2015 (Plaintiff's alleged disability onset date) through March 13, 2018 (the date of the ALJ's decision). AR p. 29.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it

does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Analysis

A. Plaintiff's Allegations of Error

Plaintiff argues that the ALJ failed to consider adequately an August 29, 2016 Mental Status Exam completed by Dr. Diana Badillo Martinez (the "MSE") and that the RFC is not supported by substantial evidence.

B. Treatment of the MSE

1. The MSE as a Medical Opinion

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1) & 416.927(a)(1).[3] Although an ALJ will consider all of a claimant's relevant medical records,

---

3 20 C.F.R. §§ 404.1527 & 416.927 apply to claims filed before March 27, 2017.

5

"[o]nly those statements within the record that reflect judgments regarding a claimant's prognosis or limitations, or the severity of symptoms, constitute medical opinions." Adams v. Berryhill, 5:16-cv-946, 2017 WL 7049174, at * 6 (E.D.N.C. Dec. 11, 2017) (citing Love-Moore v. Colvin, 7:12-cv-104, 2013 WL 5366967, at * 11 (E.D.N.C. Aug. 30, 2013)).

In the MSE, Dr. Martinez reported that Plaintiff's attention span was average, her ability to concentrate was below average, her processing was slow, and that she had difficulty concentrating. AR p. 666. Dr. Martinez additionally reported that Plaintiff was "marginally oriented to time as she [did] not know the month, but [knew] the day of the month and the year and the day of the week." Id. While Dr. Martinez noted that Plaintiff's speech was clear and fluent and her language "coherent and logical without thought disorder or delusional ideation," she also reported that Plaintiff had "difficulty organizing her thoughts," displayed a "simple" basic fund of information, and appeared to have intellectual abilities "within the low average range." Id. Despite these barriers, however, Dr. Martinez concluded that Plaintiff would be able to manage funds independently. AR p. 667.

Dr. Martinez did not assign function by function limitations in the MSE (i.e., Dr. Martinez did not explicitly opine that Plaintiff had mild, moderate, marked, or extreme limitations in certain areas of mental functioning). However, because Dr. Martinez did provide judgments regarding Plaintiff's

6

mental limitations, the Court considers the MSE to be medical opinion evidence.

## 2. Failure to Assign Weight to the MSE

"An ALJ is required to assign weight to every medical opinion in a claimant's record." Tanner v. Commissioner of Social Security, 602 Fed. Appx. 95, 100 (4th Cir. 2015) (citing 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.") & 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.")); see also 20 C.F.R. 416.927(c). Here, the ALJ erred by failing to assign explicit weight to Dr. Martinez's opinion.

To merit remand, however, an ALJ's error must cause harm. See Tanner, 602 Fed. Appx. at 100-101 (remand not warranted despite failure to assign weight to treating physician's opinion because the RFC reflected the credible recommendations set out in the physician's opinion, the ALJ noted that state agency consultants' opinions were consistent with medical evidence including the physician's opinion, and reversing "would be pointless" because the RFC and physician's opinion were "largely consistent" such that it was "highly unlikely" remand would change the Commissioner's decision); see also Andrade v. Berryhill, 3:18-cv-112-FDW, 2018 WL 6028722, at * 7 (W.D.N.C. Nov. 16, 2018) ("In social security cases, errors are harmless 'so long as the

ALJ's conclusion is supported by substantial evidence in the record and the claimant could not reasonably be prejudiced by the error.'") (quoting Emrich v. Colvin, 90 F.Supp.3d 480, 488 (M.D.N.C. 2015)).

"When a record shows that the ALJ has considered all relevant medical opinions that are consistent with the record and evidence, the failure to assign weight to a medical opinion can constitute harmless error." Keaton v. Colvin, 3:15cv588, 2017 WL 875477, at * 4 (E.D. Va. March 3, 2017); cf. Thompson v. Berryhill, 5:17-cv-451-FL, 2019 WL 1299363, at * 5 (E.D.N.C. March 21, 2019) (remanding where "[t]he ALJ failed to discuss or acknowledge in any way the medical opinion provided…."); Thompson v. Berryhill, 1:17cv473, 2018 WL 3079710, at * 4 (M.D.N.C. June 21, 2018) (remanding where ALJ did not assign weight to medical source statement and it was "entirely unclear whether the ALJ considered [the opinion] at all…because the ALJ neither acknowledged nor discussed the [medical source statement] in his decision.").

### i. Consideration of the MSE

At step three of the sequential evaluation process, the ALJ found that Plaintiff had "moderate" limitations with respect to concentrating, persisting, or maintaining pace. AR p. 22. In explaining this finding, the ALJ stated:

> The claimant testified that she has difficulty maintaining concentration and focus. At a functional evaluation in August 2016 [the MSE], the claimant had difficult organizing her thoughts, but was able to present a coherent personal history. At the claimant's

8

> most recent treatment appointment, the claimant demonstrated intact concentration and a clear and organized thought process.

AR p. 22.

In formulating Plaintiff's RFC, the ALJ repeatedly referenced the MSE and noted that although "claimant demonstrated a weak memory, slow processing speed and difficulty with concentration" during the MSE, "the claimant's treatment records do not document similar findings." AR p. 26; see also, id. ("During an evaluation in August 2016, the claimant reported the ability to independently care for her own physical needs.").

Thus, although the ALJ did not assign a specific weight to the MSE, the ALJ did consider the medical opinions set out therein.

### ii. Weight Assigned to Dr. Thomas Hill's Opinion

Further, the ALJ afforded "great weight" to the opinion of Dr. Thomas Hill, a state agency consultant who provided a mental residual functional capacity assessment and who himself relied on the MSE. AR p. 27. Dr. Hill reviewed Plaintiff's medical records on reconsideration, afforded "significant weight" to the MSE, and opined that Plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods. See AR pp. 118 & 137; 122 & 141. Based on Plaintiff's medical records, including the

MSE, Dr. Hill concluded that "[w]hen abstinent[4] [claimant] can remember and carry out simple instructions, keep [appointments], maintain [attention and concentration] for at least 2 [hours] and complete simple tasks consistently. Depression and pain occasionally distract her and occasionally limit carrying out detailed instructions." AR p. 122 & 141. These limitations are similar to those ultimately included by the ALJ in Plaintiff's RFC. See AR p. 23 ("The claimant is able to understand, remember and carry out simple tasks for 2-hour segments over the course of a workday.").

In sum, the ALJ did err by not assigning a specific weight to the MSE. However, as the ALJ reviewed and discussed the MSE, and because the mental limitations ultimately included in Plaintiff's RFC appear to be based on the state agency consultant's review of Plaintiff's medical records, including the MSE, it is "highly unlikely" that "remand to the agency would change the Commissioner's finding of disability." Tanner, 602 Fed. Appx. at 101; see also Sineath v. Colvin, 1:16cv28, 2016 WL 4224051, at * 7 (M.D.N.C. Aug. 9, 2016) (ALJ's failure to weigh alleged opinion evidence was harmless error because the ALJ "clearly considered [the doctor's] findings because he detailed them in his discussion of the medical evidence" and because doctor's findings "were consistent with the assessments of the state agency consultants that the ALJ

---

4 Plaintiff's medical records indicate past substance abuse. See AR 661 (May 2, 2016 treatment note).

gave great weight."); Adams v. Berryhill, 5:16-cv-946-D, 2017 WL 7049174, at * 7 (E.D.N.C. Dec. 12, 2017) ("The ALJ's failure to assign weight to Dr. Smith's opinion was error. However, the court finds the error was harmless where the ALJ appropriately discussed and fully considered Dr. Smith's opinion…and, as such, remand would be pointless.").

Accordingly, the Court finds that the ALJ's failure to assign a specific weight to the MSE was harmless error.

### C. Plaintiff's RFC

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant evidence. Johnson, 434 F.3d at 653. In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). An ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion. Monroe, 826 F.3d at 189; see also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

11

Here, Plaintiff asserts that the MSE supports a finding that her ability to concentrate, persist, and maintain pace is more limited than as set out in her RFC. Doc. 10, p. 11. However, as discussed above, the ALJ considered the MSE when developing the RFC, and found that Plaintiff's treatment records did not document similar findings with regard to her memory, processing speed, and concentration difficulties.[5] Further, although Plaintiff relies on the vocational expert's testimony that an individual who was off task "approximately 10 to 15 percent of a typical workday or work week" would be unable to sustain employment to support her position that additional limitations should have been included in the RFC,[6] Dr. Martinez did not include this off task limitation in the MSE. See AR pp. 84 & 665-667.

---

[5] See AR pp. 506 (May 18, 2016 treatment note reflecting Plaintiff's speech was clear, she was oriented, had normal affect, and responded appropriately to questions); 583-584 (September 13, 2016 note reflecting that on exam, Plaintiff was appropriately dressed with adequate grooming, was cooperative and made good eye contact, had a normal rate and amplitude of speech, goal directed thought process, normal thought content, intact judgment and insight, was alert and oriented, displayed intact recent and remote memory, an average fund of knowledge, and intact attention and concentration); 676 (November 15, 2017 note reflecting Plaintiff was alert and oriented, exhibited fluent speech with no loose associations, had clear and organized thoughts, with globally intact cognition, and fair insight and judgment).

[6] See Doc. 10, pp. 12-13 ("The vocational witness testified that if an individual were off task between ten and fifteen percent of the time, they would be unable to sustain work. Dr. Martinez's opinion shows that Hunter has greater limitations than accommodated in the RFC and those limitations may prevent her from doing the work that the ALJ believed that she could. It cannot be said that the ALJ's failure to weigh or fully consider Dr. Martinez's opinion was inconsequential.").

Additionally, Plaintiff argues that the "ALJ offered no explanation on how" he determined that Plaintiff could carry out simple tasks for two-hour segments over the course of a workday and was capable of tolerating simple workplace changes." Doc. 10, p. 16. However, the ALJ afforded "great weight" to the state agency consultants' opinions,[7] and Dr. Hill found that while Plaintiff had moderate limitations in her ability to maintain attention and concentration for extended periods, she was not significantly limited in her ability to respond appropriately to changes in the work setting and could carry out simple tasks for at least two hours and remember and carry out simple instructions. AR pp. 122 & 141.

State agency psychological consultants "are highly qualified… psychologists who are experts in the evaluation of medical issues in disability claims…." SSR 96-6p, 1996 WL 374180, at * 2 (July 2, 1996); see also Herren v. Colvin, 1:15-cv-2-MOC, 2015 WL 5725903, at * 5 (W.D.N.C. Sept. 30, 2015) ("an ALJ may satisfy the function-by-function analysis requirement by referencing a properly conducted analysis of state agency consultants.") (collecting cases). Although "[a] 'non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits

---

[7] In addition to Dr. Hill's opinion, Dr. Carl Bancoff, another state agency consultant, provided a physical residual functional capacity assessment. AR pp. 119-121 & 138-140.

when it is contradicted *by all of the other evidence in the record*[,]' 'the testimony of a nonexamining physician can be relied upon when it is consistent with the record.'" Tanner, 602 Fed. Appx. at 101 (quoting Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986) (emphasis in Smith)).

The undersigned finds that the ALJ's formulation of the RFC is supported by substantial evidence.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 9) is **DENIED** and the Commissioner's Motion for Summary Judgment (Doc. 13) is **GRANTED**.

Signed: March 2, 2020

W. Carleton Metcalf
United States Magistrate Judge